**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DEANN MARIE COBB**                                                          **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.4:20-CV-18-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on the claimant's complaint for judicial review of an

unfavorable final decision by the Commissioner of the Social Security Administration.   The

parties have consented to entry of final judgment by the United States Magistrate Judge under

the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth

Circuit.   The court, having reviewed the administrative record, the briefs of the parties, and the

applicable law and having heard oral argument, finds as follows, to-wit:

The plaintiff has raised three issues in her appeal.   The court finds that the third issue,

alleging error in the review of the durational requirement of Cobb's depression and anxiety,

requires a reversal and remand for further proceedings.   The Administrative Law Judge (ALJ)

found that Cobb's anxiety and depression did not meet the durational requirement and was

therefore not a severe impairment.   The ALJ's held:

> The claimant also alleges she has depression/anxiety, but this does not meet the
> durational requirements, which requires an impairment to last or be expected to last at a
> "severe" level for a continuous period of 12 months (20 CFR§ 404.1509 ). Records show
> the claimant did not receive mental health treatment at Life Help until April 10, 2018.
> She was diagnosed with major depressive disorder, moderate single episode with anxious
> distress by licensed clinical therapist. She had depressed mood and affect, but otherwise
> normal examination. There were no limitations on memory, intelligence, or concentration
> (Exhibit 4 F). Because depression/anxiety has not lasted more than 12 months, I also find
> it nonsevere. (Dkt. 7 p. 23-24).

1

Where, as here, an ALJ determines that an impairment has not met the durational requirement of lasting or being expected to last a minimum of 12 months, Social Security Ruling 82- 52 requires the ALJ to "state clearly in the denial rationale that …[w]ithin 12 months of onset, there was or is expected to be sufficient restoration of function so that there is or will be no significant limitation of the ability to perform basic work-related functions" *Id.* The ALJ erred in failing to provide the required explanation.

The ALJ noted that the claimant's depression and anxiety were not diagnosed until April 10, 2018, which is well after the alleged onset of disability. Taking the first day of treatment as the date of onset, the durational requirement would not have been met at the date of the hearing. The ALJ, however, erred in failing to state an adequate rationale for finding the depression and anxiety would not likely continue for 12 months.   She did so in the face of a substantial record indicating that Cobb's depression and anxiety would likely persist for the required duration. Specifically, the records indicate that the plaintiff had been suffering from depression and anxiety for a year prior to her initial treatment and diagnosis. (Dkt 7. Vol.3 p.374 (SSA p. 1142)).[1]   Additionally, the therapist at the first meeting planned for a full year of therapy. Contrary to the ALJ's finding, these records show: "Individual will meet with NP/MD to be evaluated for medications and *to have any prescribed medications managed for the next twelve months to help control for attentiveness/focusing*." *Id.*   Finally, the court notes the treatment records show the addition of major life stressors coming quickly after the depression and anxiety

---

[1] "Problems began last year; symptoms are daily and limit social and educational functioning."

diagnosis. Cobb reported in a series of visits that there was a suspicion that her husband had lung cancer; followed by the confirmation of that diagnosis; rapidly followed by the determination that his illness was terminal. Given that Cobb was already suffering from a major depressive episode before her husband's diagnosis, the evidence heavily favors a conclusion that her mental problems, severe or nonsevere, would meet the durational limits.

The determination of the plaintiff's residual functional capacity did not include any restrictions for nonexertional limitations related to her depression and anxiety. Because the RFC must account for all limitations, including those relating to nonsevere impairments, the error at Step Two is prejudicial. On remand, the ALJ shall reconsider whether the plaintiff's depression/anxiety meet the durational requirement, and if deciding that these conditions do not meet the durational requirement, explain the rationale pursuant to SSR 82-52.

Because this action is being remanded, the ALJ is shall reconsider and clarify the persuasiveness of the medical evidence of Dr. Robert McGuire, including the fact that Dr. McGuire, as noted in the decision, indicated in March 2018 that Cobb did not need surgery, but stated in his September 2018, letter that she was in need of surgery.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

**SO ORDERED AND ADJUDGED** this the 13th of November, 2020.


/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**


3